

April 1, 2021

Agent David Klabunde
Wisconsin Department of Justice
Department of Criminal Investigation
P.O. Box 7857
Madison, WI 53707

      Re:    Jacob Blake Jr. v. Officer Rusten T. Sheskey
             Court No. 21-cv-00381

Agent Klabunde:

    Please be advised that this office represents the Plaintiff, Jacob Blake, Jr. in a personal injury matter arising out of an incident that occurred on August 23, 2020.

    As such, our office would like to proceed with your discovery deposition in this matter. Enclosed is a **Subpoena for Deposition** that requires your attendance and deposition testimony on the date and time listed. Our check in the amount of $60.00 is included in payment of the statutory witness mileage fees. The deposition is mandatory; however, **the date and time are arbitrary** and we will gladly accommodate your schedule. Upon receipt of this correspondence, please contact me and we will work with you to arrange the deposition for a date and time that fits your schedule.

    Thank you for your assistance and we look forward to speaking with you.

                             Very truly yours,

                             Kathleen M. Hickey
                             Paralegal to Lance D. Northcutt

Enclosures

*Via Certified Mail*
*Return Receipt Requested*
*And email: DOJ-COVID-SOP@doj.state.wi.us*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| JACOB S. BLAKE, JR., <br> *Plaintiff* <br> v. <br> OFFICER RUSTEN T. SHESKEY, Individually <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 21-cv-00381 <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Agent David Klabunde, Wisconsin Department of Justice, Department of Criminal Investigation
P.O. Box 7857, Madison, WI 53707

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Cannon & Dunphy, S.C. <br> 595 N. Barker Road <br> Brookfield, WI 53045 | Date and Time: <br> 05/13/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached deposition rider.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/01/2021

*CLERK OF COURT*

OR

s/ Lance D. Northcutt

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob S. Blake, Jr.
_____ , who issues or requests this subpoena, are:
Lance D. Northcutt, Salvi, Schostok & Pritchard P.C., 161 North Clark Street, Suite 4700, Chicago, IL 60601,
(312) 372-1227, lnorthcutt@salvilaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21-cv-00381

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: Via Certified Mail to Agent David Klabunde, Wisconsin Dept of Justice, Dept of Criminal Investigation, P.O. Box 7857, Madison, WI 53707 and email: DOJ-COVID-SOP@doj.state.wi.us     on *(date)* 04/01/2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 60.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 04/01/2021

/s/ Kathleen M. Hickey
*Server's signature*

Kathleen M. Hickey
*Printed name and title*
Salvi, Schostok & Pritchard P.C.
161 North Clark Street, Suite 4700
Chicago, IL 60601

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER

DEFINITIONS AND INSTRUCTIONS

A. **RE-DUPLICATION OF PREVIOUSLY PRODUCED DOCUMENTS UNNECESSARY. To the extent any documents requested herein have already been produced in response to the Subpoena Duces Tecum issued on March 31, 2021 to the Wisconsin Department of Criminal Investigation, a duplicative response is not necessary and it is instead requested that the answering party aver that the responsive documents have already been tendered in full.**

B. **Pursuant to Federal Rule of Civil Procedure 45,** the party responding to this subpoena duces tecum is to produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. All electronically stored information must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, though it need not be produced in the same electronically stored form.

C. **Pursuant to Federal Rule of Civil Procedure 45(g),** "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

D. The term "**Plaintiff**" shall mean and refer to Jacob Blake, the Plaintiff in this action.

E. "**And**" as well as "**or**" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of these requests all answers which might otherwise be construed to be outside their scope.

1

F. Reference to the singular shall include the plural and references to the plural shall include the singular.

G. **"Kenosha Police Department." (hereinafter, "KPD")**, refers to the Kenosha Police Department, and all its past or present affiliates, current or former officers, investigators, officials, principals, employees (both sworn and unsworn), agents, or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf.

H. **"Wisconsin Department of Criminal Investigation." (hereinafter, "DCI")** refers to the Wisconsin Department of Criminal Investigation, and all its past or present affiliates, current or former officers, investigators, officials, principals, employees (both sworn and unsworn), agents, or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf.

I. **"Wisconsin State Patrol." (hereinafter, "WSP")** refers to the Wisconsin State Patrol, and all its past or present affiliates, current or former officers, investigators, officials, principals, employees (both sworn and unsworn), agents, or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf.

J. **"Kenosha County Sheriff's Department." (hereinafter, "KCSP")** refers to the Kenosha County Sheriff's Department, and all its past or present affiliates, current or former officers, investigators, officials, principals, employees (both sworn and unsworn), agents, or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf.

2

K. **"Kenosha County District Attorney's Office."** (hereinafter, **"KCDAO"**) refers to the Kenosha County District Attorney's Office, and all its past or present affiliates, current or former attorneys, officers, investigators, officials, principals, employees (both sworn and unsworn), agents, or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf.

L. **"U.S. Department of Justice."** (hereinafter, **"USDOJ"**) is to be interpreted in the broadest sense and refers to the U.S. Department of Justice and all of its respective divisions and agencies, including the Federal Bureau of Investigation (FBI), and all past or present affiliates, current or former attorneys, agents, officers, investigators, officials, principals, employees (both sworn and unsworn), or other persons (including, without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf of USDOJ and/or any of its respective divisions and agencies.

M. **"Sheskey" or "Defendant"** shall refer to Defendant Officer Rusten T. Sheskey, the defendant in the above-named action.

N. **"Subject Vehicle" or "Subject SUV"** refers to the Dodge SUV involved in the incident culminating in the shooting of Jacob Blake on August 23, 2020.

O. **"Complaint"** shall refer, collectively, to the events detailed in both the initial and any amended complaints filed in this matter.

P. **"Relate to" or "relating to"** shall mean pertaining to, referring to, reflecting upon, evidencing, describing, mentioning, summarizing or being in any way legally, logically, or factually connected with the matter discussed in the request.

Q. **"Person"** means any natural person, municipality, agency, state, county or federal office or official thereof, union, oversight body, corporation, partnership, joint venture,

3

organization, association, company, or any other form of governmental, business, professional or commercial enterprise or entity.

R. **"MDT" or MDC"** shall refer to mobile data terminals, mobile data computers, or any other means by which law enforcement personnel send and receive electronic communications via mobile platforms.

S. **"Identify"** *when used in reference to an individual* means to state: (1) the individual's full name, if known; (2) the individual's business or professional affiliation and official title; and (3) the individual's last known business and home telephone numbers.

T. **"Identify,"** *when used in reference to an entity* other than an individual means to state (1) the entity's official, legal and formal name and/or the name under which the entity acts or conducts business; (2) the address of the entity's principal place of business, profession or commerce; (3) any other address of the entity's place of business, profession or commerce; (4) if applicable, the name of any city, county, state or country in which the entity is incorporated or registered; and (5) the identity of the entity's principal officers and directors.

U. **"Identify,"** *when used in reference to a contact, communication or meeting* means to state: (1) location; (2) the identity of all persons present; (3) the identity of all documents which relate to the meeting; and (4) the subject matter discussed.

V. **"Identify,"** *when used in reference to a document* means to state: (1) the type of document (i.e., letter memorandum, chart, etc.) or some other means of identifying it, and (2) its present location and/or custodian. If any such document was but, is no longer in your possession or subject to your control, state what disposition was made of it.

4

W. **"Communication"** shall mean the recording, conveyance, or exchange of information of any kind, by or with any person, representative, or entity for any purpose by any written, verbal, or electronic means or method.

X. **The term "documents"** is used in the broadest possible sense and shall mean all written, printed, typed, graphic, recorded or illustrative matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, included but not limited to: written communications, text messages, email, letters, words, numbers, pictures, sounds, symbols or any combination thereof, correspondence, envelopes, computer printouts, teletypes, telecopies, memoranda of telephone conversations or personal conversations, diaries, calendars, interoffice communications, records, reports, studies, bills, receipts, checks, invoices, requisitions, tape or disk recordings, papers and forms filed with any court or governmental body, notes, transportation and expense logs or records, work papers, contracts, formal or informal memoranda of meetings, statistical and financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access. Any document which contains any comment, notation, addition, insertion, or marking of any kind constitutes a document separate from the unmarked version.

Y. **If any documents requested once existed but have since been lost or destroyed, state when and why the documents were lost or destroyed and describe the circumstances under which they were lost or destroyed.**

Z. To the extent that the producing party claims the existence of any privilege, a privilege log is requested identifying the express basis for said privilege, as well as the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the claim of privilege being invoked pursuant to Federal Rule of Civil Procedure 45.

## DOCUMENTS REQUESTED

1. All general orders, policies, directives, training standards, and other documents and memoranda relating to the investigation of officer-involved shootings that were in effect on August 23, 2020, irrespective of whether they were issued or otherwise followed by DCI in the course of shooting investigations.

2. The complete, unredacted investigative file regarding the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020, including all case reports, supplemental reports, use of force reports.

3. Any documents, evidence or electronically stored information removed from your workplace related to the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

4. Any notes, contact cards, "street files" or other documents that do not appear in any official document related to the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020 or the investigation of same.

5. Any texts, emails, MDT messages, or other forms of social media posts, messaging or other electronic means in your possession related to the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020 or the investigation of same.

6. The complete, unredacted personnel file of Defendant Rusten T. Sheskey gathered by DCI, including all documents and records pertaining to training, citizen complaints and/or commendations, internal applications for other positions (e.g., detective, sergeant, special details), use of force incidents, violations of department policy of any kind, approved overtime

and/or off-duty detail assignments and any documentation related to paid or unpaid administrative leave taken from April 1, 2013 to the present by Defendant Sheskey.

7. Copies of any and all communications with other law enforcement agencies in your possession regarding the shooting and/or the investigation of the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

8. Copies of any and all communications with any police union and/or official thereof in your possession regarding the shooting and/or the investigation of the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

9. Copies of any and all unredacted 911 calls in your possession regarding the shooting and/or the investigation of the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

10. Copies of any witness "contact cards," "tip sheets," or other short form documentation in your possession relating to witness/victim contact information obtained during the investigation of the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

11. All unredacted video and audio footage in your possession of any officer and/or police vehicle at the scene before, during or after the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020, including, but not limited to, videos from squads #3339, #3344, #3341, #3363 and # 3380.

12. All unredacted radio transmissions in your possession for every channel maintained and/or monitored by the Kenosha Police Department and/or its officers from 4:30 p.m. to 11:59 p.m. on August 23, 2020.

13. All MDT/MDC communications in your possession made or received from any Kenosha Police Department officer and/or communications personnel from 4:30 p.m. to 11:59 p.m. on August 23, 2020.

14. Any and all maintenance, repair, or repair request records in your possession for any audio or video recording unit used by any officer who was present before, during or after the shooting of Jacob S. Blake, Jr. by Officer Sheskey on August 23, 2020.

15. Any and all documents in your possession indicating when and by what method any video and/or audio footage was lost, erased, purged or otherwise disposed of, to the extent that claim is being made as to any information requested herein.

16. Any and all documents, records or evidence in your possession indicating which Kenosha Police Officers on duty on August 23, 2020 were equipped with, or otherwise in possession of body cameras, audio microphones, in-car video and/or audio equipment.

17. All KPD MDT logs in your possession that were in existence from 4 p.m. on August 23, 2020 to 11:59 p.m. on August 23, 2020.

18. Any and all color photographs, mugshots, or other images in your possession of Jacob S. Blake Jr. on August 23, 2020.

19. Any and all draft reports, notes (handwritten or otherwise), diagrams, and/or "street files" in your possession created during the before, during or after the detention, investigation and shooting of Jacob S. Blake Jr. on August 23, 2020 from that date to present.

20. Any and all electronically-stored information in your possession, including but not limited to, emails, text messages and social media posts on any personal or work device, received or sent by any KPD officer, regarding the events that culminated in the shooting of Jacob S. Blake Jr. on August 23, 2020 and any post-occurrence investigation, communication, or activity related to same.

21. All communications, electronic or otherwise, in your possession with or between any other law enforcement officer, witness, emergency medical services personnel member, firefighter or fire department personnel member, or any other member of any law enforcement agency relating to received or sent by any KPD officer regarding the events that culminated in the shooting of Jacob S. Blake Jr. on August 23, 2020 and any post-occurrence investigation, communication, or activity related to same.

22. All communications, electronic or otherwise, in your possession with or between any DCI employee and any attorney, employee, officer or agent of the Wisconsin Attorney General's Office and/or the Kenosha County District Attorney's Office regarding the events that culminated in the shooting of Jacob S. Blake Jr. on August 23, 2020, the shooting itself and any post-occurrence investigation, communication, or activity related to same.

23. Any written or recorded statements of any officer in your possession regarding the events that gave rise to the shooting of Jacob S. Blake Jr. on August 23, 2020, the shooting itself, and any post-occurrence investigation, communication, or activity related to same that is not otherwise contained in the investigative file otherwise produced in response to this subpoena.

24. Any written or recorded statements of any witness in your possession regarding the events that gave rise to the shooting of Jacob S. Blake Jr. on August 23, 2020, the shooting itself, and any post-occurrence investigation, communication, or activity related to same that is not otherwise contained in the investigative file produced in response to Request #2 and Request #4.

25. Any unredacted witness statements in your possession summarized in KPD documents and/or the DCI Investigative Report.

26. All documents in your possession relating to the deployment of tasers against Jacob S. Blake Jr. on August 23, 2020.

27. Any and all materials in your possession related to any application for search warrant, search warrant and return on the search warrant, including but not limited to any court filings, affidavits or orders, for the Subject Vehicle on or after August 23, 2020.

28. Any correspondence or documentation from Dr. Christopher Davis in regards to a bullet trajectory diagram requested by SA Ricardo Tijerino.

29. All photos, videos, audio recordings taken and/or collected in your possession that relate to the events that gave rise to the shooting of Jacob S. Blake Jr. on August 23, 2020, the shooting itself, and any post-occurrence investigation, communication, or activity related to same.

30. Any cell phone records of Jacob Blake in your possession as referenced in District Attorney Mike Graveley's press conference on January 5, 2021.

31. Any and all information in your possession regarding Jacob S. Blake Jr.'s criminal history or past encounters with law enforcement officers.

32. Any and all reports, statements, and results of any and all scientific, technical, and laboratory tests, experiments, comparisons, and physical or mental examinations made by experts or others in connection with this cause in your possession, including but not limited to, fingerprints, polygraph, ballistics, and other weapons tests, regardless of whether such items or reports will be introduced into evidence, the names and addresses of persons who conducted such tests, experiments, comparisons, or examinations, and a statement of qualification of the experts;

33. An inventory of any and all weapons of any type, as well as ammunition, recovered or seized during or as a result of the incidents giving rise to the charges herein, including an inventory of any bullets recovered from any weapon or person in your possession.

34. An inventory of any and all evidence in your possession of any type recovered or seized during or as a result of the incidents giving rise to the charges herein, including an inventory of any bullets recovered from any weapon or person.

35. Copies of transcripts of all press or media releases or statements in your possession made relative to this case.

36. All documents relating to any complaint filed against Defendant Officer Sheskey in the past 20 years in your possession, irrespective of whether the complaint was ultimately founded or unfounded.

37. Copies of any and all communications with any expert witness and/or consultant in your possession who has been consulted in this case, including but not limited to Noble Wray.

9

| | | | |
|---|---|---|---|
| **Salvi, Schostok & Pritchard, P.C.**<br>218 N. Martin Luther King Jr. Avenue<br>Waukegan, Illinois 60085<br>847-249-1227 | Fifth Third Bank | 70-2390/719 | **109142** |
| | CHECK DATE | CONTROL NO. | AMOUNT |
| | 3/31/2021 | 109142 | *********60.00 |

**PAY** Sixty and 00/100------------------------------------------------------------------

**TO THE ORDER OF** David Klabunde

_[signature]_
AUTHORIZED SIGNATURE

**SALVI, SCHOSTOK & PRITCHARD - CHICAGO ACCOUNT**  109142

PRODUCT DLM205  USE WITH 91500 ENVELOPE  Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop  PRINTED IN U.S.A.  B
3002316000
FC56E5 CHIKDK04 03/05/2020 07:03 -345-

ENDORSE HERE

CHECK HERE AFTER MOBILE OR REMOTE DEPOSIT

DATE _____

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

**Security Features:**
- MicroPrint Line
- Chemically Sensitive Paper
- Security Screen

*The security features listed below, as well as those not listed, exceed industry guidelines.*

**Results of document alteration:**
- **MP** Small type in line appears as dotted line when photocopied
- Stains or spots may appear with chemical alteration
- Absence of "Original Document" verbiage on back of check

RS-52

© Padlock design is a certification mark of the Check Payment Systems Association
* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC