IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JACOB S. BLAKE, JR., | ) | |
| Plaintiff, | ) | No. 21 cv 00381 – SCD) |
| v. | ) | Judge J. P. Stadtmueller |
| OFFICER RUSTEN T. SHESKEY, | ) | |
| Individually, | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT SHESKY'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Officer Rusten T. Sheskey ("Sheskey"), by his attorneys, Kenneth M. Battle, Michele J. Braun and Winnefred Monu of O'Connor & Battle, LLP, submits the following Answer to Plaintiff's Complaint, affirmative defenses, and jury demand as follows:

**ANSWER TO PARTIES, JURISDICTION AND VENUE**

**1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of PLAINTIFF's rights as secured by the United States Constitution.**

**ANSWER:** Defendant Sheskey admits this action is brought pursuant to 42 U.S.C. §1983 but denies committing any acts which unlawfully deprived Plaintiff of any rights secured by the United States Constitution.

**2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.**

**ANSWER:** Defendant Sheskey admits this Court has jurisdiction of the action.

**3. Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint occurred within this District.**

**ANSWER:** Defendant Sheskey admits venue is proper.

**4. Plaintiff, JACOB S. BLAKE, JR. (hereinafter Plaintiff BLAKE) was, at all relevant times, a resident of Kenosha, Wisconsin.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

**5. The City of Kenosha is and was at all material times, a municipality and political subdivision of the county of Kenosha, state of Wisconsin, organized pursuant to Chapter 59 of the Wisconsin Statutes, and existing under and by virtue of the laws of Wisconsin.**

**ANSWER:** On information and belief, Defendant Sheskey admits that the City of Kenosha is a city that exists by virtue of the laws of Wisconsin.

**6. Defendant OFFICER RUSTEN SHESKEY was, at all relevant times, a Kenosha Police Officer employed by the City of Kenosha, who was acting under color of state law and within the scope of his employment.**

**ANSWER:** Defendant Sheskey admits he was, at all relevant times, a Kenosha Police Officer employed by the City of Kenosha, who was acting under color of state law and within the scope of his employment but denies committing any acts that would give rise to liability to Plaintiff.

**7. Pursuant to Wis. Stat. § 895.46, the City of Kenosha has a legal obligation to pay damages and costs against Defendant SHESKEY if it is determined that Defendant SHESKEY was acting within the scope of his employment at all material times.**

**ANSWER:** On information and belief, Defendant Sheskey admits only that the City of Kenosha has a legal obligation to pay damages and costs against Defendant SHESKEY subject and pursuant to Wis. Stat. § 895.46, but denies committing any acts which would result in any liability to plaintiff Blake.

## ANSWER TO FACTS COMMON TO ALL COUNTS

**8. At all times relevant hereto, Plaintiff, BLAKE was a father of three children who worked as an armed security guard in Illinois.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

**9. On August 23, 2020, Plaintiff BLAKE attended a gathering of friends and family to celebrate his son's eighth birthday at 2805 40th Street in Kenosha at the invitation of Laquisha Booker, the mother of one of his children who lived at that address.**

**ANSWER:** Defendant Sheskey admits that Plaintiff was in the area of 2805 40th Street in Kenosha on August 23, 2020. Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

**10. Following a verbal dispute between Booker and a female neighbor, Plaintiff BLAKE chose to leave the area with two of his sons to avoid the confrontation between the two women.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

**11. At approximately 5:11 p.m., Booker called the Kenosha police and related, inter alia, that she had allowed him to come to the residence but that he "wasn't supposed to be there."**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

**12. Defendant SHESKEY and other officers were subsequently dispatched to 2805 40th Street for what was initially termed "family trouble."**

**ANSWER:** Defendant Sheskey admit he and his partner were dispatched to 2805 40th Street for what was initially termed "family trouble." Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

**13. Within three minutes, Defendant SHESKEY and other officers arrived at 2805 40th Street as Plaintiff BLAKE was putting one of his sons into the backseat of a Dodge SUV.**

**ANSWER:** Defendant Sheskey admits that he and his partner arrived at 2805 40th Street as Plaintiff Blake was putting a child into the backseat of a Dodge SUV. Defendant Sheskey is

3

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

**14. Upon arrival, Defendant SHESKEY and other officers approached Plaintiff BLAKE. Without announcing any intention to arrest Plaintiff BLAKE and in the absence of any verbal command to place his hands behind his back to be handcuffed, Defendant SHESKEY grabbed Plaintiff BLAKE by the wrist and began to apply physical force to his arm as he was in the process of placing one of his sons into the back of the SUV.**

**ANSWER:** Defendant Sheskey admits that, upon arrival, he approached Plaintiff Blake. Defendant Sheskey further admits that during the interaction he grabbed Plaintiff Blake by the wrist in an attempt to place him in handcuffs. Defendant Sheskey denies the remaining allegations in paragraph 14 to the extent those allegations allege conduct by Defendant Sheskey. Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

**15. Believing he was about to be attacked by the police, Plaintiff BLAKE tensed up his arm and attempted to maintain his balance by putting his hands on top of the car.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

**16. Immediately, Defendant SHESKEY and other officers began to physically attack Plaintiff BLAKE by placing Plaintiff BLAKE in a headlock, punching and choking him, and shocking him with a taser on three occasions.**

**ANSWER:** Defendant Sheskey denies the allegations in this paragraph to the extent they allege conduct by him. On information and belief, Defendant Sheskey denies the remaining allegations in paragraph 16.

**17. As Plaintiff BLAKE struggled to his feet, he retrieved a folding utility knife off the ground that he had previously dropped.**

**ANSWER:** Defendant Sheskey admits that, at some point, Plaintiff had a knife in his hand. Defendant Sheskey denies that this paragraph accurately reflects the sequence of events.

Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

**18. After retrieving the folding utility knife, Plaintiff BLAKE began to walk away from the officers in a counterclockwise direction, first travelling from the passenger side of the SUV to the front of the vehicle, then turning left to walk parallel with the front of the SUV and finally, turning left again to walk parallel with the driver's side of the SUV until he reached the driver's side door and placed his left hand on the door handle.**

**ANSWER:** Defendant Sheskey denies the chronology presented in this paragraph is accurate.

Defendant Sheskey admits that, during the altercation, Plaintiff Blake moved around the car.

**19. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE attempt to run from the officers.**

**ANSWER:** Defendant Sheskey admits the allegations in paragraph 19.

**20. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE attempt to strike any of the officers.**

**ANSWER:** Defendant Sheskey admits only that, from the time Plaintiff Blake broke from his physical altercation with Defendant Sheskey and the other officers and Plaintiff began walking in a counterclockwise direction around the vehicle, until Plaintiff Blake tried to stab Defendant Sheskey with the knife in his hand, Plaintiff Blake did not attempt to strike any of the officers.

**21. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE attempt to verbally threaten the officers.**

**ANSWER:** Defendant Sheskey admits the allegations in paragraph 21.

**22. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE attempt to verbally threaten anyone present on the scene.**

**ANSWER:** Defendant Sheskey admits the allegations in paragraph 22.

**23. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE attempt to point the knife in the officers' direction.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 23.

**24. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE make any abrupt physical gestures.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 24.

**25. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Plaintiff BLAKE turn to face the officers or otherwise initiate any type of physical confrontation.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 25.

**26. As Plaintiff BLAKE walked around to the driver's side of the SUV, Defendants SHESKEY and other officers followed him with their guns drawn.**

**ANSWER:** To the extent paragraph 26 alleges conduct by Defendant Sheskey, Defendant Sheskey denies the allegations. Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

**27. At no time from the point at which Plaintiff BLAKE began to walk away from the officers until the time he reached the driver's side door did Defendant SHESKEY feel that Plaintiff BLAKE posed a threat to him based on his possession of the utility knife.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 27.

**28. Once Plaintiff BLAKE reached the driver's side door of the SUV, he began to open the door with his left hand.**

**ANSWER:** On information and belief, Defendant Sheskey admits the allegations in paragraph 28.

**29. As Plaintiff BLAKE opened the door of the SUV, Defendant SHESKEY grabbed Plaintiff BLAKE'S t-shirt and began to pull him backwards.**

**ANSWER:** Defendant Sheskey admits the allegations in paragraph 29.

6

**30. At the point at which Plaintiff BLAKE began to open the driver's side door of the SUV, there were multiple civilians in the immediate vicinity, including four women and a toddler standing on the parkway within feet of the SUV.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

**31. At the point at which Plaintiff BLAKE began to open the driver's side door of the SUV, the civilians, including four women and a toddler, stood directly across from where Defendant SHESKEY and other officers were pointing their weapons.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

**32. At the point at which Plaintiff BLAKE began to open the driver's side door of the SUV, two of Plaintiff BLAKE'S young children – ages 5 and 8 – were in the back seat.**

**ANSWER:** Defendant Sheskey admits that a child was in the back seat of the car. Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

**33. As Plaintiff BLAKE opened the driver's side door, he felt Defendant SHESKEY grab his t-shirt and pull him backwards as he was attempting to sit down inside the SUV.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

**34. As Plaintiff BLAKE opened the driver's side door, he immediately threw the folding knife onto the floorboard of the SUV.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 34.

**35. The movement of the right hand and arm of Plaintiff BLAKE was fully visible to Defendant SHESKEY at the time Plaintiff BLAKE opened the door.**

**ANSWER:** Defendant Sheskey admits that Plaintiff's right hand and arm were visible to him after Plaintiff opened the vehicle door.

**36. The movement of the right hand and arm of Plaintiff BLAKE was fully visible to Defendant SHESKEY at the time Plaintiff BLAKE attempted to sit down in the SUV.**

**ANSWER:** Defendant Sheskey admits that Plaintiff's right hand and arm were visible to him as Plaintiff attempted to enter the vehicle.

**37. The movement of the body of Plaintiff BLAKE in a downward and away position into a sitting position in the driver's seat of the SUV was fully visible to Defendant SHESKEY.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 37.

**38. The action of Plaintiff BLAKE throwing the folding knife onto the floorboard of the SUV was fully visible to Defendant SHESKEY.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 38.

**39. At the moment when Plaintiff BLAKE threw the knife to the floor, his left hand was still on the exterior door handle, while his right hand and arm were visibly extended in plain sight away from Defendant SHESKEY in the following position:**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 39.

**40. After Plaintiff BLAKE had thrown the knife to the floor in full view of Defendant SHESKEY, Defendant SHESKEY continued to pull back on the t-shirt of Plaintiff BLAKE with one hand and fired his semi-automatic pistol with the other.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 40.

**41. At a time when Plaintiff BLAKE had visibly dropped the folding knife in full view of the officer, Defendant SHESKEY fired a total of seven shots at point blank range.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 41.

**42. At the time of the first shot, Plaintiff and Defendant SHESKEY were positioned as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

**43. At the time of the second shot, Plaintiff BLAKE and Defendant SHESKEY were positioned as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

**44. At the time of the third shot, Plaintiff BLAKE was seated with his right foot completely in the SUV as Defendant SHESKEY continued to shoot Plaintiff BLAKE inside the vehicle. Their positions were as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

**45. At the time of the fourth shot, Plaintiff BLAKE remained seated, with both feet inside the SUV as Defendant SHESKEY continued to shoot. Their positions were as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

**46. At the time of the fifth shot, Plaintiff BLAKE and Defendant SHESKEY were positioned as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

**47. At the time of the sixth shot, Plaintiff BLAKE and Defendant SHESKEY were positioned as follows:**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

**48. At one point during the course of firing the seven shots, Defendant SHESKEY stopped looking at Plaintiff BLAKE and turned his head to his left while still firing his weapon.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 48.

**49. At the time of the seventh shot, Plaintiff BLAKE and Defendant SHESKEY were positioned as follows:**

**ANSWER:** Defendant Sheskey are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

**50. Throughout the entire course of all seven shots being fired, Plaintiff BLAKE was moving away from – and not toward – Defendant SHESKEY into a seated position, as evinced by the fact that the t-shirt Plaintiff BLAKE was wearing was continuously stretched by Defendant SHESKEY'S grasp of it, even after the seventh shot occurred and Plaintiff BLAKE'S spinal column was severed.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 50.

**51. At the time Defendant SHESKEY fired all seven shots, at least four women and one toddler stood on the opposite side of the SUV and were in imminent danger from being hit by gunfire and/or ricocheting bullets or fragments thereof. The position of these bystanders at the time the gunfire had commenced is as follows:**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 51.

**52. At the time Defendant SHESKEY fired all seven shots, he held the muzzle of his weapon only a few feet away from where Plaintiff BLAKE'S two young children sat, placing them in imminent danger from being hit by gunfire and/or ricocheting bullets or fragments thereof.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 52.

**53. At least one of the shots from Defendant SHESKEY'S gun was fired directly into the side of the SUV and at an angle toward where the children sat in the rear seats. This bullet ricocheted and landed outside the driver's door of the SUV.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 53.

**54. But for the fact that a second layer of steel absorbed the bullet fired into the door of the SUV, the bullet would have continued in its path through the driver's seat and into the rear passenger compartment where the children sat. The front and side views of the driver's side of the SUV where the ricocheting bullet was fired is depicted below:**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 54.

**55. The bullets Defendant SHESKEY fired from his Glock 17 semiautomatic pistol into the side of the car and the body of Plaintiff BLAKE were 9-millimeter Hornaday Luger rounds, a type of hollow point bullet with a polymer tip designed to expand upon entry into its target in order to inflict the maximum amount of damage to bone and tissue.**

**ANSWER:** Defendant Sheskey admits that the bullets he fired from his Glock 17

semiautomatic pistol into the body of Plaintiff Blake were Kenosha Police Department issued 9-

millimeter Hornaday Luger rounds. Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

**56. Six of the seven rounds fired by Defendant SHESKEY ripped into the arms, back and left side of Plaintiff BLAKE'S body as he sat down in the driver's seat of the SUV. Some rounds fragmented after impacting Plaintiff BLAKE'S body.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

**57. The fusillade of bullets that Defendant SHESKEY fired into the body of Plaintiff BLAKE caused catastrophic injury and paralysis. At least one round fired by Defendant SHESKEY ripped through the spinal column of Plaintiff BLAKE, severing his spinal cord and instantly rendering his fully seated body limp upon impact.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

**58. After shooting Plaintiff BLAKE, Defendant SHESKEY and other officers who were at the scene were not interviewed by investigators for two, or in some cases, three days, and only after they had conferred extensively with attorneys and union representatives as to what the claimed justification would ultimately be for shooting Plaintiff BLAKE seven times in front of his children.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 58, as he cooperated with investigators.

**59. Defendant SHESKEY and each of the officers refused to have any aspect of the interview recorded and none of their statements given were made under oath. In an effort to conceal material evidence and avoid making any statements that might compromise Defendant SHESKEY and/or the other officer on the scene, some officers deactivated their audio microphones in the aftermath of the shooting and/or cautioned each other to remain silent.**

**ANSWER:** Defendant Sheskey admits that, on the advice of his counsel, he declined to have the statement audio recorded. Defendant Sheskey denies the remaining allegations in paragraph 59 to the extent the allegations concern conduct alleged to have been committed by him.

Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of remaining the allegations in paragraph 59.

**60. By contrast, the first interview of Plaintiff BLAKE occurred within hours of the shooting when DCI agents appeared next to his ICU hospital bed at a time when he was heavily sedated and in intractable pain. Believing that the entire incident would have been captured on body cam video, he urged DCI investigators to "look at the video" to confirm that he had indeed thrown the knife to the floor of the car as he was sitting down and prior to being shot by Defendant SHESKEY.**

**ANSWER:** Defendant Sheskey is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

**61. As a direct and proximate result of the Defendant's misconduct as fully detailed herein, PLAINTIFF suffered grave physical and psychological injuries that included physical arm from six gunshot wounds, permanent paralysis, disfigurement and disability, as well as great mental anguish, humiliation, degradation, loss of reputation and anxiety.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 61.

## ANSWER TO COUNT I: §1983 EXCESSIVE FORCE

**62. Plaintiff BLAKE re-alleges paragraphs 1 through 61 as if fully restated herein.**

**ANSWER:** Defendant Sheskey resubmits his answers to paragraphs 1 through 61 as if fully restated herein.

**63. As a citizen of the United States, BLAKE is protected against the use of excessive and deadly force without cause or justification as guaranteed by the Fourth Amendment to the United States Constitution.**

**ANSWER:** Defendant Sheskey admits that Plaintiff has the right to be free of the use of excessive and deadly force without cause or justification, and that this right is secured by the Fourth Amendment to the United States Constitution. Defendant Sheskey denies committing any act in violation of Plaintiff's rights.

**64. As more fully described in the preceding paragraphs, the intentional conduct of Defendant SHESKEY was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 64.

**65. The misconduct described above was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff BLAKE.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 65.

**66. BLAKE suffered catastrophic, permanent injuries as a result of the hereinafter described actions of Defendant SHESKEY.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 66.

**67. As a direct and proximate result of the use of excessive force by Defendant OFFICER SHESKEY, Plaintiff BLAKE has suffered and will continue to suffer physical and emotional damages which will be proven at trial.**

**ANSWER:** Defendant Sheskey denies the allegations in paragraph 67.

## AFFIRMATIVE DEFENSE

1. At all relevant times, Defendant Sheskey was a Kenosha police officer who was acting under color of law and within the scope of his employment. He is protected by qualified immunity as his actions were proper in light of clearly established law.

2. Defendant Sheskey is qualifiedly immune from any and all liability in this case.

3. Defendant Sheskey's use of force in this case was reasonable in light of the totality of circumstances facing him at all times relevant to this action.

4. Defendant Sheskey is immune from suit and liability for action performed in discharge of official duties, which were discretionary in nature, performed in good faith and in belief that they were necessary to discharge his duties.

5. Plaintiff may have failed to mitigate his damages, if any.

6. Plaintiff's injuries may have been caused in whole or in part by his failure to use ordinary care for his own safety or by the conduct and behavior of third parties and through no fault on the part of the defendant.

## JURY DEMAND

Defendant Sheskey hereby requests a jury trial of all claims so triable.

Dated: May 28, 2021            Respectfully submitted,

OFFICER RUSTEN T. SHESKEY

By:     /s/ *Kenneth M. Battle*
        One of His Attorneys

Kenneth M. Battle
Michele Braun
Winnefred A. Monu
O'CONNOR & BATTLE, LLP
20 N. Clark St., Suite 1600
Chicago, IL 60602
312-786-4600
kbattle@mokblaw.com
mbraun@mokblaw.com
wmonu@mokblaw.com

## CERTIFICATE OF SERVICE

      I, Kenneth M. Battle, an attorney, certify that a copy of the attached instrument was served via electronic case filing to all parties of record, on this 28th day of May, 2021.


                                     /s/ Kenneth M. Battle


Kenneth M. Battle (Illinois Bar No.: 6269381)
Michele J. Braun (Illinois Bar No.: 6187398)
Winnefred A. Monu (Illinois Bar No.: 6305826)
O'Connor & Battle, LLP
20 North Clark St., Suite 1600
Chicago, IL 60602
(312) 786-4600
kbattle@mokblaw.com
mbraun@mokblaw.com
wmonu@mokblaw.com