# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACOB S. BLAKE, JR.,

    Plaintiff,

v.

RUSTEN T. SHESKEY,

    Defendant,

and

AGENT DAVID KLABUNDE, AGENT RICARDO TIJERINO, AGENT RAYMOND GIBBS, AGENT NICHOLAS GATES, AGENT MITCHELL WARD, AGENT JASON RUFF, and ATTORNEY MICHAEL D. GRAVELEY,

    Movants.

Case No. 21-CV-381-JPS

**PROTECTIVE ORDER**

  On May 5, 2021, the parties filed a stipulated motion for the entry of a protective order. (Docket #11). The scope of this protective order is limited to the materials produced by WDOJ DCI in response to Plaintiff's April 1, 2021 subpoena duces tecum (the "Subpoena Response"). The parties request that the Court enter such an order because they anticipate that the Subpoena Response may reveal, among other things, medical records, graphic images, usernames and passwords, sensitive law enforcement information, and the names of juveniles and witnesses who requested to remain confidential. (*Id.* at 2). Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The Court finds that the parties have requested the protective order in this action in good faith. The parties report that this case will entail the disclosure of sensitive information about the parties. (Docket #11). Thus, the

Court is satisfied that there exists a sufficient basis for the requested protective order.

The Court will enter the protective order, but it makes several modifications to the parties' protective order: the Court (1) clarifies the difference between a "restricted" document and a "sealed" document, and (2) allows both parties and interested members of the public to challenge the designation of confidentiality by motion.

Accordingly,

**IT IS ORDERED** that the parties' stipulated motion for a protective order (Docket #11) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

This Order governs the use and distribution of information provided in response to the above referenced subpoena, as designated by WDOJ to be "Confidential." For purposes of this Order, "Confidential" information includes all materials produced within the Subpoena Response, except those materials that are copies of or identical to materials obtained pursuant to any public record request by any attorney or party herein prior to the effective date of this Protective Order.

Information designated "Confidential" shall not be used or disclosed for any purpose whatsoever, other than for the purpose of prosecuting or defending the above-captioned litigation (including appeals). Documents containing information identified as "Confidential" may be filed as either "restricted" or "sealed." Gen. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for

Page 3 of 5
Case 2:21-cv-00381-JPS   Filed 01/12/22   Page 3 of 5   Document 25

admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, those papers must be redacted only to the extent necessary. If the parties seek to seal or restrict a document, either in part or in full, they must file a motion to seal or restrict that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal or as a restricted document with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal or as a restricted document.

The burden will always be on the producing party to label as confidential information subject to this Order before the burden will fall on the filing party to redact and/or seal. In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto as confidential shall, within ten days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

Nothing in this order is intended to govern, limit, or affect the right of any party with respect to information in the Subpoena Response designated "Confidential" if this matter proceeds to trial. This Order shall

not affect: (a) any party's right to object to another party's designation of information as "Confidential;" (b) any party's right to object to the admissibility of any information on any ground; (c) any party's or person's right to waive confidentiality of documents, records, or information pertaining only to the person who is the subject of the Confidential information; or (d) any party's use of information similar or identical to the information designated by WDOJ DCI as confidential, if it was obtained from a source other than the response to the April 1, 2021 subpoena.

This Order may be modified by a stipulation of the parties approved by the Court. If a party seeks modification by motion, the party shall first give at least ten (10) days prior written notice by hand, facsimile or electronic mail to all other parties of the specific grounds for the modification sought.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge